UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**CURTIS ABDUL AL'SHAHID,**

      **Plaintiff,**

  v.                                   **Civil Action 2:26-cv-73**
                                              **Judge Edmund A. Sargus, Jr.**
**H & P PROTECTIVE SERVICES INC.,**      **Magistrate Judge Chelsey M. Vascura**
*et al.*,

      **Defendants.**

## ORDER and REPORT AND RECOMMENDATION

    Plaintiff, Curtis Abdul Al'Shahid, an Ohio resident proceeding without the assistance of counsel, sues his former employer and two supervisory employees under 42 U.S.C. § 2000e for employment discrimination, under 42 U.S.C. § 1983 for violation of his First and Fourteenth Amendment rights, and asserts state-law claims for wrongful termination, defamation, and wage theft. Plaintiff has submitted a request to file a civil action *in forma pauperis*. (ECF No. 1.) The Court **GRANTS** Plaintiff's request to proceed *in forma pauperis*. All judicial officers who render services in this action shall do so as if the costs had been prepaid. 28 U.S.C. § 1915(a).

    This matter is also before the Court for the initial screen of Plaintiff's Complaint (ECF No. 1-1) under 28 U.S.C. § 1915(e)(2) to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Having performed the initial screen, for the reasons below, the undersigned **RECOMMENDS** that the Court **DISMISS** Plaintiff's federal claims

under § 1915(e)(2) for failure to state a claim on which relief can be granted. The undersigned further **RECOMMENDS** that the Court decline to exercise supplemental jurisdiction over Plaintiff's remaining state-law claims under 28 U.S.C. § 1367(c)(3), and that those claims be **DISMISSED WITHOUT PREJUDICE** to re-filing in state court.

## I. BACKGROUND

Plaintiff is a former employee of Defendant H&P Protective Services, Inc., and was previously assigned to the third shift at the Ohio Department of Natural Resources ("ODNR"). Plaintiff's supervisor, Defendant Muhammad Ali, asked Plaintiff if he smoked marijuana. Plaintiff responded that he did not. Ali continued questioning Plaintiff about his marijuana use over a series of days, and on July 15, 2025, Defendant LaManda Brown (a human resources employee for H&P) ordered Plaintiff to take a drug test. The test was negative. Nevertheless, Ali continued to harass Plaintiff. Plaintiff filed a complaint with Brown, who assured Plaintiff there would not be any retaliation from H&P or Ali. Yet on July 22, 2025, Ali wrote up Plaintiff for a multitude of violations, stating that "[t]here were 'consequences' to [Plaintiff's] actions and if [Plaintiff] continue[d] to complain to LaManda Brown (HR), that [Plaintiff] will be terminated." (Compl., ECF No. 1-1, PAGEID #6.) Ali then reduced Plaintiff's hours from 36 to 16 per week. Ali also required Plaintiff to meet Ali at various locations to pick up his paycheck (Wendy's, Starbucks, Ali's apartment complex) when other employees met Ali at the Bank of America to pick up their paychecks. On August 18, 2025, Plaintiff filed a retaliation complaint with the Equal Employment Opportunity Commission. Plaintiff also filed a "Formal Retaliation Complaint" with H&P on September 8, 2025, but no action was taken. Plaintiff's employment was ultimately terminated, allegedly as a result of a story fabricated by Ali concerning an unspecified event occurring on January 1, 2026. (Compl., ECF No. 1-1, PAGEID #5–6, 10–11.)

2

Plaintiff asserts claims for retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII"), for retaliation in violation of his free speech rights under the First and Fourteenth Amendments and 42 U.S.C. § 1983, and for state-law wrongful termination, defamation, and wage theft. As relief, Plaintiff seeks $2 million in compensatory damages and $2 million in punitive damages. (Compl., ECF No. 1-1, PAGEID #11.)

## II.     STANDARD OF REVIEW

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id.* at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e), which provides in pertinent part as follows:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
>
> * * *
>
> (B) the action or appeal—
>
> (i) is frivolous or malicious; [or]
>
> (ii) fails to state a claim on which relief may be granted. . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

Further, to properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a).

3

*See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

      Although this pleading standard does not require "detailed factual allegations, a pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up). A complaint will not "suffice if it tenders naked assertion devoid of further factual enhancement." *Id.* (cleaned up). Instead, in order to state a claim upon which relief may be granted, "a complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face." *Id*. (cleaned up). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted). Further, the Court holds *pro se* complaints "to less stringent standards than formal pleadings drafted by lawyers." *Garrett v. Belmont Cty. Sheriff's Dep't*, 374 F. App'x 612, 614 (6th Cir. 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "courts should not have to guess at the nature of the claim asserted." *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

4

### III. ANALYSIS

All of Plaintiff's federal claims must be dismissed. First, Plaintiff's Title VII claim fails because Title VII prohibits retaliation only when an employee "has opposed any practice made an unlawful employment practice by this subchapter, or because he has mage a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." 42 U.S.C. § 2000e-3(a). And "this subchapter" (subchapter VI of Chapter 21 of Title 42 of the United States Code) prohibits discrimination *only* on the basis of "race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). Plaintiff's Complaint lacks any allegations pertaining to discrimination, or complaints thereof, on the basis of race, color, religion, sex, or national origin. Instead, Plaintiff complains only that Ali retaliated against him after Plaintiff opposed Ali's practice of harassing him about his supposed marijuana use. This conduct is not covered by Title VII or by any other federal anti-discrimination statute. And although Plaintiff makes a passing reference to a "complaint[ ] concerning Age Discrimination," which would implicate the anti-retaliation provisions of the Age Discrimination in Employment Act, 29 U.S.C. § 623(d) ("ADEA"), his factual allegations make no mention of Plaintiff's age or any discrimination or complaints on that basis. Plaintiff's Title VII claim—and his ADEA claim, to the extent he asserts one—must therefore be dismissed.

Next, Plaintiff's claim under 42 U.S.C. § 1983 for violation of his federal constitutional rights must also be dismissed because Defendants are not state actors. To succeed on a claim under § 1983, Plaintiff must plead two elements: that he was (1) "deprived of a right secured by the Constitution or laws of the United States," and (2) "that such deprivation was caused by a person acting under color of state law." *Littler v. Ohio Ass'n of Pub. Sch. Emps.*, 88 F.4th 1176, 1180 (6th Cir. 2023) (cleaned up). Plaintiff's § 1983 claims fail to satisfy the second element. Plaintiff's allegations indicate that H&P and its employees are private entities. And "[a]lthough

5

private citizens acting in concert with state officials may be subject to § 1983 liability," Plaintiff offers "no factual support or evidence upon which a conspiracy could be based." *Id.* That is, although Plaintiff's physical place of work was on ODNR premises, there is no indication from Plaintiff's allegations that Defendants acted in concert with any ODNR officials in discriminating or retaliating against him. Plaintiff's § 1983 claims must therefore be dismissed.

Finally, the undersigned recommends that the Court decline to exercise jurisdiction over Plaintiff's remaining state-law claims. Under 28 U.S.C. § 1367(c)(3), the Court may decline to exercise supplemental jurisdiction when the Court "has dismissed all claims over which it has original jurisdiction." The United States Court of Appeals for the Sixth Circuit has held that "[i]f the federal claims are dismissed before trial, the state claims generally should be dismissed as well." *Brooks v. Rothe*, 577 F.3d 701, 709 (6th Cir. 2009) (citations omitted). Here, Plaintiff's allegations relating to wrongful termination, defamation, and wage theft fail to provide a basis for a claim over which this Court has original jurisdiction. "The basic statutory grants of federal court subject-matter jurisdiction are contained in 28 U.S.C. § 1331, which provides for federal-question jurisdiction, and § 1332, which provides for diversity of citizenship jurisdiction." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 501 (2006) (cleaned up). Federal-question jurisdiction is implicated when a plaintiff pleads a claim "arising under" the federal laws or the United States Constitution. *Id.* (citation omitted). For a federal court to have diversity jurisdiction under § 1332(a), there must be complete diversity, meaning that each plaintiff must be a citizen of a different state than each defendant, and the amount in controversy must exceed $75,000. *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

Plaintiff's remaining claims pertain squarely to state law and do not arise under federal laws or the United States Constitution. Nor has Plaintiff alleged that he and Defendants are

6

citizens of different states. Thus, Plaintiff has failed to plausibly allege facts on which the Court could rely to conclude that this Court has original subject-matter jurisdiction over his state-law claims. Because the undersigned is recommending dismissal of all of Plaintiff's federal claims, it is further recommended that the Court decline to exercise supplemental jurisdiction over any remaining state-law claims and that it dismiss any such claims without prejudice to filing in state court.

## IV. DISPOSITION

For these reasons, Plaintiff's motion for leave to proceed *in forma pauperis* (ECF No. 1) is **GRANTED**. The undersigned **RECOMMENDS** that Plaintiff's federal claims be **DISMISSED** for failure to state a claim on which relief can be granted, and that Plaintiff's remaining state-law claims be **DISMISSED WITHOUT PREJUDICE** to re-filing in state court.

## PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A District Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE