**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**CURTIS ABDUL AL'SHAHID,**

       **Plaintiff,**

    **v.**
                             **Civil Action 2:26-cv-73**
                             **Judge Edmund A. Sargus, Jr.**
                             **Magistrate Judge Chelsey M. Vascura**

**FREDERICK E. HALL,**
*et al.*,

       **Defendants.**

## ORDER and REPORT AND RECOMMENDATION

Plaintiff, Curtis Abdul Al'Shahid, an Ohio resident proceeding without the assistance of counsel, sues three employees of his former employer for retaliation and discrimination. After screening Plaintiff's original Complaint under 28 U.S.C. § 1915(e)(2), the undersigned issued an Order and Report and Recommendation on January 29, 2026, that granted Plaintiff's motion for leave to proceed *in forma pauperis*, but recommended that the Court dismiss Plaintiff's federal claims for failure to state a claim on which relief can be granted and decline to exercise supplemental jurisdiction over Plaintiff's remaining state-law claims. (ECF No. 3.)

Instead of objecting to the Report and Recommendation, Plaintiff filed an Amended Complaint on February 5, 2026. (ECF No. 4.) As Plaintiff is permitted to amend his Complaint once as a matter of course under Federal Rule of Civil Procedure 15(a), Plaintiff's Amended Complaint became operative upon filing and supersedes his original Complaint. Accordingly, the undersigned's prior recommendation that Plaintiff's original Complaint be dismissed is **VACATED** and this matter is before the Court for the initial screen of Plaintiff's Amended

Complaint under § 1915(e)(2) to identify cognizable claims and to recommend dismissal of Plaintiff's Amended Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. For the reasons below, it is **RECOMMENDED** that Plaintiff's Amended Complaint be **DISMISSED** for failure to state a claim under § 1915(e)(2).

<h3 style="text-align:center">I.      BACKGROUND</h3>

Plaintiff's original Complaint alleged that he is a former employee of H&P Protective Services, Inc., and was assigned to the third shift at the Ohio Department of Natural Resources ("ODNR"). Plaintiff's supervisor, Defendant Muhammad Ali, asked Plaintiff if he smoked marijuana. Plaintiff responded that he did not. Ali continued questioning Plaintiff about his marijuana use over a series of days, and on July 15, 2025, Defendant LaManda Brown (a human resources employee for H&P) ordered Plaintiff to take a drug test. The test was negative. Nevertheless, Ali continued to harass Plaintiff. Plaintiff filed a complaint with Brown, who assured Plaintiff there would not be any retaliation from H&P or Ali. Yet on July 22, 2025, Ali wrote up Plaintiff for a multitude of violations, stating that "[t]here were 'consequences' to [Plaintiff's] actions and if [Plaintiff] continue[d] to complain to LaManda Brown (HR), that [Plaintiff] will be terminated." (Compl., ECF No. 1-1, PAGEID #6.) Ali then reduced Plaintiff's hours from 36 to 16 per week. Ali also required Plaintiff to meet Ali at various locations to pick up his paycheck (Wendy's, Starbucks, Ali's apartment complex) when other employees met Ali at the Bank of America to pick up their paychecks. On August 18, 2025, Plaintiff filed a retaliation complaint with the Equal Employment Opportunity Commission. Plaintiff also filed a "Formal Retaliation Complaint" with H&P on September 8, 2025, but no action was taken. Plaintiff's employment was ultimately terminated, allegedly as a result of a story fabricated by

2

Ali concerning an unspecified event occurring on January 1, 2026. (Compl., ECF No. 1-1, PAGEID #5–6, 10–11.)

Plaintiff's original Complaint asserted claims for retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII"), for retaliation in violation of his free speech rights under the First and Fourteenth Amendments and 42 U.S.C. § 1983, and for state-law wrongful termination, defamation, and wage theft. (Compl., ECF No. 1-1, PAGEID #11.) The undersigned screened Plaintiff's original Complaint under 28 U.S.C. § 1915(e)(2) and issued an Order and Report and Recommendation on January 29, 2026. (ECF No. 3.) The undersigned recommended that the Court dismiss Plaintiff's Title VII claim for failure to allege discrimination, or complaints thereof, on the basis of race, color, religion, sex, or national origin. (Jan. 29, 2026 Order and R. &. R 5, ECF No. 3.) The undersigned also noted that although Plaintiff made a passing reference to an age discrimination complaint, which would implicate the anti-retaliation provisions of the Age Discrimination in Employment Act, 29 U.S.C. § 623(d) ("ADEA"), his factual allegations made no mention of Plaintiff's age or any discrimination or complaints on that basis. The undersigned therefore recommended dismissal of any ADEA claim that might be asserted in Plaintiff's original Complaint. (*Id.*) The undersigned also recommended dismissal of Plaintiff's claim under 42 U.S.C. § 1983 for violation of his federal constitutional rights because Defendants are not state actors. (*Id.* at 5–6.) Finally, the undersigned recommended that the Court decline to exercise supplemental jurisdiction over Plaintiff's remaining state-law claims under 28 U.S.C. § 1367(c)(3). (*Id.* at 6.)

Rather than objecting to the Report and Recommendation, Plaintiff filed an Amended Complaint on February 5, 2026. (ECF No. 4.) The Amended Complaint (1) abandons Plaintiff's § 1983 and state-law claims, (2) adds allegations related to his age and the circumstances of his

3

termination, and (3) attaches a copy of the Employment Discrimination Charge he submitted to the Ohio Civil Rights Commission. (*See* ECF Nos. 4, 4-1.) As relief, the Amended Complaint seeks compensatory and punitive damages. (*Id.*)

## II.    STANDARD OF REVIEW

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e), which provides in pertinent part as follows:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
>
> * * *
>
> (B) the action or appeal—
>
> > (i) is frivolous or malicious; [or]
>
> > (ii) fails to state a claim on which relief may be granted. . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

Further, to properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under

Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints." *16630 Southfield Ltd*., *P'Ship v. Flagstar Bank*, *F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "detailed factual allegations, a pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up). A complaint will not "suffice if it tenders naked assertion devoid of further factual enhancement." *Id.* (cleaned up). Instead, in order to state a claim upon which relief may be granted, "a complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face." *Id*. (cleaned up). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted). Further, the Court holds *pro se* complaints "to less stringent standards than formal pleadings drafted by lawyers." *Garrett v. Belmont Cty. Sheriff's Dep't*, 374 F. App'x 612, 614 (6th Cir. 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "courts should not have to guess at the nature of the claim asserted." *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

### III.    ANALYSIS

Plaintiff's Amended Complaint fails to state a claim on which relief can be granted. The undersigned construes the Amended Complaint to advance claims under the ADEA for (1) discrimination on the basis of age, and (2) retaliation for making an age discrimination

complaint. But Plaintiff's additional factual allegations support neither claim. Plaintiff submitted an Employment Discrimination Charge to the Ohio Civil Rights Commission on August 18, 2025, checking the form's boxes for age discrimination and retaliation. But his written statement reflects that he made a complaint against his supervisor, Ali, for harassment in the form of "calling [Plaintiff's] phone several times a day for a prior argument when [Plaintiff] called [Ali] a negro." (ECF No. 4-1, PAGEID #49.) Ali then allegedly retaliated against Plaintiff by submitting a photo of Plaintiff sleeping on the job. Plaintiff was fired, but was allowed to return if he retracted the harassment complaint against Ali. Ali then continued to threaten to have Plaintiff fired, "trie[d] to intimidate [Plaintiff] with his comments," and reduced Plaintiff's hours from 24 to 16 per week. (*Id.*) Nowhere in the Charge, apart from the checked box for "Age (40 or over)," does Plaintiff describe any discrimination on the basis of age. Nor does the Charge describe retaliation on the basis of a complaint of age discrimination.

Similarly, Plaintiff's factual allegations in the body of the Amended Complaint state that he is over 40 years of age. Plaintiff also alleges that Defendants' stated reason for terminating his employment was Plaintiff's insubordination in the form of appearing at a worksite on January 1, 2026, without authorization and refusing to vacate the post. Plaintiff categorically denies that such an incident ever happened and that he was nowhere near the worksite on January 1. He further alleges that Defendants' stated reason for his termination is merely a pretext for the real reason: retaliation for Plaintiff's complaints about his paycheck being withheld for long periods of time. The Amended Complaint does not allege age discrimination, retaliation for making an age discrimination complaint, or discrimination or retaliation on the basis of any other federally protected class. (*See* ECF No. 4.) Accordingly, Plaintiff has failed to state a claim for

discrimination or retaliation under the ADEA or under any other federal employment discrimination statute.

## IV.    DISPOSITION

For these reasons, the portion of the undersigned's January 29, 2026 Order and Report and Recommendation (ECF No. 3) that recommended dismissal of Plaintiff's original Complaint is **VACATED**. For clarity, the portion of that Order and Report and Recommendation that granted Plaintiff's motion for leave to proceed *in forma pauperis* remains in effect. It is **RECOMMENDED** that Plaintiff's Amended Complaint be **DISMISSED** for failure to state a claim and for lack of subject-matter jurisdiction under § 1915(e)(2).

## PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A District Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of

the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140

(1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).


      **IT IS SO ORDERED.**


                                         /s/ *Chelsey M. Vascura*
                                         CHELSEY M. VASCURA
                                         UNITED STATES MAGISTRATE JUDGE